## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL LEON,<br><br>                Plaintiff,<br><br>     v.<br><br>BARCLAYS BANK DELAWARE,<br><br>               Defendant | Case No. _____<br><br>Document Filed Electronically |

### NOTICE OF REMOVAL

Pursuant to Sections 1331, 1441(b) and (c), and 1446 of Title 28 of the United States Code ("U.S.C."), Defendant Barclays Bank Delaware ("Defendant") hereby gives notice of the removal of this action from the Court of Common Pleas of Luzerne County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.  As set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Defendant has satisfied the procedural requirements for removal.   In support of this Notice of Removal, Defendant states as follows:

### FEDERAL QUESTION JURISDICTION:
### THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

1.     Plaintiff Miguel Leon ("Plaintiff") filed a Complaint against Defendant in the Court of Common Pleas of Luzerne County, Pennsylvania,

assigned as Docket No. 2014-cv-10904.  In the Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 15 U.S.C. section 227 et seq., by making calls to Plaintiff's cell phone without obtaining Plaintiff's prior express consent.  A copy of the Complaint is attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

2.      Removal is appropriate if the federal court has original jurisdiction founded on a claim or right arising under the laws of the United States.  28 U.S.C. § 1331.  Because this action arises under federal law, which can be ascertained from the face of the Complaint, this Court has original jurisdiction under 28 U.S.C. § 1331.  Moreover, the United States Supreme Court has expressly held that federal courts have jurisdiction over private actions brought under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012) (the Telephone Consumer Protection Act's grant of jurisdiction to state courts does not deprive the federal district courts of federal-question jurisdiction over private lawsuits seeking to enforce the Act); *Weitzner v. Sanofi Pasteur, Inc.*, 2012 WL 1677340 (M.D. Pa. May 14, 2012) (explaining that "in light of the Supreme Court's holding in *Mims v. Arrow Financial Services LLC*, the Court now has federal question jurisdiction under 28 U.S.C. § 1331") (citation omitted).

## VENUE

3.      Under 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Pennsylvania is the proper venue for removal because this action is pending in the Court of Common Pleas of Luzerne County, which lies within the Middle District of Pennsylvania.

## PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4.      On or about September 18, 2014, Plaintiff Miguel Leon ("Plaintiff") sent by certified mail a copy of the Complaint – which was filed in the Court of Common Pleas of Luzerne County, Pennsylvania, Docket No. 2014-cv-10904 – to "Barclays Bank Delaware, 125 S. West St., Wilmington, DE 19801-5014." Defendant received the Complaint on September 22, 2014.

5.      This Notice of Removal is timely in that it was filed within 30 days from the point at which Defendant had notice that the action was removable, and less than a year after the commencement of the state court action. *See* 28 U.S.C. § 1446(b). There are no other defendants identified in the Complaint.

6.      A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Luzerne County, Pennsylvania, and is being served on counsel of record, in compliance with 28 U.S.C. § 1446(a), (d).

7.      Pursuant to 28 U.S.C. § 1446(a), copies "of all process, pleadings, and orders" received by Defendant are attached as Exhibit A. Defendant has not

answered or otherwise responded to the Complaint.

8. By filing this Notice of Removal, Defendant does not waive its rights to object to or challenge jurisdiction, venue, or service of process. Defendant, moreover, expressly reserves its right to compel arbitration pursuant to a written agreement between the parties. All defenses, motions, and pleas are expressly reserved.

WHEREFORE, Defendant respectfully removes this action to the United States District Court for the Middle District of Pennsylvania for further proceedings pursuant to this Notice.

> BUTLER PAPPAS WEIHMULLER KATZ
> CRAIG LLP
>
> s/Thomas S. Brown
> THOMAS S. BROWN, ESQ.
> tbrown@butlerpappas.com
> 1818 Market Street, Suite 2740
> Philadelphia, PA  19103
> Telephone:  (215) 405-9191
> Facsimile:   (215) 405-9190
> *Attorneys for Defendant,*
> *Barclays Bank Delaware*

Dated:  October 16, 2014

## CERTIFICATE OF SERVICE

I, Thomas S. Brown, hereby certify that a true and correct copy of the foregoing Notice of Removal, electronically filed this day, has been served on the following counsel of record via U.S. First Class Mail, postage prepaid, on this 16th day of October, 2014:

> Brett Freeman, Esquire
> Sabatini Law Firm, LLC
> 216 N. Blakely Street
> Dunmore, PA  18512
> *Attorney for Plaintiff*

> s/Thomas S. Brown
> THOMAS S. BROWN, ESQ.